# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALPHONSO LUNA,<br><br>　　Plaintiff<br><br>vs.<br><br>TAJINDER SINGH; and, GKJ TRANS, INC.<br><br><br><br>　　Defendants. | Case No.<br><br><br>**JURY TRIAL DEMANDED** |

COMES NOW, the Plaintiff Alphonso Luna ("Plaintiff"), who files this Complaint against Defendants Tajinder Singh ("Defendant Singh") and GKJ Trans Inc ("Defendant GKJ Trans"), alleging as follows:

## PARTIES, JURISDICTION, AND VENUE

1.　　Plaintiff Alphonso Luna is a citizen and resident of the State of Colorado.

2.　　Defendant Tajinder Singh is a citizen and resident of the State of California.

3.　　Defendant GKJ Trans is and was a duly organized and existing California Corporation with its principal place of business located in California.

4.　　Defendant GKJ Trans is licensed interstate motor carrier (U.S. DOT Number 3607564) that hires, trains, and employs commercial truck drivers to transport freight throughout the 48 continental states, including throughout the State of Nebraska, for profit.

5.　　Defendant Singh was, at all times material hereto, an employee or agent of Defendant GKJ Trans, Inc. and was acting in the scope and course of his employment and/or agency for Defendant GKJ Trans, Inc. on June 21, 2021.

6. Personal Jurisdiction is proper over Defendants because Defendants transact substantial business in the State of Nebraska, committed tortious actions in the State of Nebraska, entered into contracts in the State of Nebraska, and maintained minimum contacts with the State of Nebraska.

7. Venue is proper in the United States District Court for The District of Nebraska because a substantial part of the events giving rise to this Complaint occurred in the District of Nebraska, and because personal jurisdiction is proper over Defendants in the United States District Court for the District of Nebraska.

## FACTUAL ALLEGATIONS

8. The incident occurred on Monday, June 21, 2021, at approximately 5:56 PM.

9. Plaintiff was operating a tractor trailer on Interstate 80 in Hamilton County, Nebraska.

10. The roads were dry.

11. The weather was clear.

12. Present on Interstate 80 was a work zone with workers present.

13. Warning signs lined the roadway alerting drivers, including Plaintiff, and Defendant, of the need to slow or stop.

14. As Plaintiff Luna proceeded through the work zone, due to traffic, he brought his tractor trailer to a stop and put on his emergency flashers.

15. After he stopped, he looked in his rearview mirror and saw a tractor trailer operated by Defendant Singh barreling down on him with seemingly no intention of stopping.

16. Defendant Singh was an employee of Defendant GKJ Trans, Inc.

17. Defendant Singh was working as a commercial truck driver.

18. Defendant Singh was operating a 2021 Freightliner tractor trailer as part of his employment with Defendant GKJ Trans, Inc.

19. Defendant Singh, failing to keep a careful lookout or adhere to work zone warnings, slammed into the rear of Plaintiff's tractor trailer at highway speeds.

20. The resulting collision caused catastrophic damage that caused the highway to be closed for two hours.

21. As a result of the collision, Alphonso Luna suffered severe and permanent personal injuries, including but not limited to his back, shoulder, and head.

22. Plaintiff was immediately emergently transported via ambulance to Memorial Hospital where he received emergency medical treatment. Given the nature and severity of his injuries, he was then transported to St. Francis Hospital, where he received emergent and necessary medical treatment for the personal injuries he suffered during the collision.

23. Mr. Luna continues to suffer from his injuries.

## COUNT I
### *NEGLIGENCE*
### DEFENDANTS SINGH AND GKJ TRANS

24. Plaintiff incorporates the above allegations as though fully set forth herein.

25. Defendant Singh was an employee and an agent for Defendant GKJ Trans and Defendant Singh was acting within the scope and course of his employment and/or agency for Defendant GKJ Trans.

26. Defendant Singh was operating a vehicle owned by Defendant GKJ Trans.

27. At all times mentioned herein, Defendants owed a duty to Plaintiff and others to exercise the highest degree of care in the operation of the motor vehicle.

28. Defendants breached their duty to Plaintiff and other in one or more of the following ways:

    a. Defendants negligently and carelessly rear ended Plaintiff;

    b. Defendants negligently and carelessly failed to keep a careful lookout;

    c. Defendants negligently and carelessly failed to attend the roadway;

    d. Defendants negligently and carelessly violated the speed limit;

    e. Defendants negligently and carelessly drove through a work zone;

    f. Defendants negligently and carelessly drove while distracted;

    g. Defendants negligently and carelessly drove while texting;

    h. Defendants failed to observe Plaintiff's vehicle;

    i. Defendants negligently and carelessly collided with Plaintiff's vehicle;

    j. Defendants negligently and carelessly failed to brake;

    k. Defendants negligently and carelessly failed to maintain their vehicle's brake system;

    l. Defendants negligently and carelessly failed to adopt crash avoidance technology;

    m. Defendants negligently and carelessly drove while fatigued;

    n. Defendants negligently and carelessly scheduled the timing of their delivery and route;

    o. Defendants negligently and carelessly failed to comply with applicable state and federal regulations regarding the operation of commercial motor vehicles; and

    p. Such further negligence and careless acts and omissions as the evidence and discovery will reveal.

29. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff was seriously injured on or about June 21, 2021. Mr. Luna has undergone frequent medical care, physical rehabilitation therapy, and has been caused to suffer fear, mental anguish, stress, pain, suffering, anxiety, and loss of enjoyment of life.

30. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has been caused to undergo reasonable and necessary medical, surgical, and physical therapy care and treatment and has incurred expenses for said treatment and will be caused to undergo additional treatment in the future and incur the costs associated therewith. The amount of medical bills incurred to date is believed to be more than $ 20,000.00

31. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has sustained and will continue to sustain lost wages, earnings, and income. The amount of lost income incurred to date is believed to be more than $ 20,000.00

WHEREFORE, Alphonso Luna prays for judgment against Defendants for special damages incurred by Plaintiff for medical treatment in an amount exceeding $ 5,000.00; for medical and hospital expenses that may be incurred in the future; for lost wages and/or income both past and in the future; and for general damages in an amount that will fairly and justly compensate Plaintiff for the nature and extent of his injuries, including but not limited to, past and future physical and mental pain, suffering, and inconvenience, all of which have been caused by the negligence of the Defendants, for his costs herein incurred, and for such other and further relief as may be just and proper.

## COUNT II
### *NEGLIGENCE*
### DEFENDANT GKJ TRANS

32. Plaintiff incorporates the above allegations as though fully set forth herein.

33. Defendant Singh was an employee and an agent for Defendant GKJ Trans and Defendant Singh was acting within the scope and course of his employment and/or agency for Defendant GKJ Trans.

34. At all times relevant, Defendant GKJ Trans, Inc. had a duty to exercise reasonable care in hiring, training, monitoring, supervising, and retaining its employee and agent drivers, including Defendant Singh.

35. Defendant Singh was operating a vehicle owned by Defendant GKJ Trans.

36. The above-mentioned collision occurred as a direct and proximate result of the negligent and careless acts and/or omissions of Defendant GKJ Trans in the following respects:

   a. Defendant GKJ Trans negligently and carelessly allowed Defendant Singh to operate motor vehicles on public roadways when it knew or should have known he was unfit to do so;

   b. Defendant GKJ Trans negligently and carelessly qualified Defendant Singh to operate motor vehicles on public roadways;

   c. Defendant GKJ Trans negligently and carelessly hired Defendant Singh;

   d. Defendant GKJ Trans negligently and carelessly retained Defendant Singh;

   e. Defendant GKJ Trans negligently and carelessly entrusted a commercial motor vehicle to Defendant Singh;

   f. Defendant GKJ Trans negligently and carelessly supervised Defendant Singh;

   g. Defendant GKJ Trans negligently and carelessly and trained Defendant Singh;

  h. Defendant GKJ Trans negligently and carelessly failed to maintain proper and adequate policies and procedure regarding driving safety; and

  i. Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

  37. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff suffered serious personal injuries on June 21, 2021. He has undergone medical and diagnostic care and treatment, and has been caused to suffer severe mental and physical injuries including fear, mental anguish, stress, pain, suffering, anxiety, emotional distress, inconvenience, and loss of enjoyment of life.

  38. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff has been caused to undergo reasonable medical, diagnostic, and physical therapy care and treatment, and has incurred expenses for said treatment and will be caused to undergo additional treatment in the future and will incur the costs associated therewith. The amount of medical bills incurred to date is believed to be more than $ 20,000.00

  39. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff has sustained and will continue to sustain lost wages, earnings, and income. The amount of income lost today is believed to be more than $ 20,000.00.

  WHEREFORE, Alphonso Luna prays for judgment against Defendant for special damages incurred by Plaintiff for medical treatment in an amount exceeding $ 5,000.00; for medical and hospital expenses that may be incurred in the future; for lost wages and/or income both past and in the future; and for general damages in an amount that will fairly and justly compensate Plaintiff for the nature and extent of his injuries, including but not limited to, past and future physical and mental pain, suffering, and inconvenience, all of which have been caused

by the negligence of the Defendant, for his costs herein incurred, and for such other and further relief as may be just and proper.

Pursuant to Local Rule 40.1(b), Plaintiff Alphonso Luna hereby requests that this case be tried to a jury in Omaha, Nebraska.

DATED:  January 12, 2022

ALPHONSO LUNA, Plaintiff,

By: */s/ John M. Simon*
John G. Simon, #35231 (Missouri)
John M. Simon, #68393 (Missouri)
Megan A. Crowe, #71857 (Missouri)
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
St. Louis, Missouri  63101
P:  (314) 241-2929
F:  (314) 241-2020
jsimon@simonlawpc.com
jmsimon@simonlawpc.com
mcrowe@simonlawpc.com
***Attorneys for Plaintiff***

And,

By: */s/ Sean P. Rensch*
Sean P. Rensch, #23031
Richard J. Rensch, #15515
RENSCH & RENSCH LAW, PC, LLO
The John D. Wear Building
7602 Pacific Street, Suite 102
Omaha, NE  68114
P:  (402) 498-4400
F:  (402) 498-0339
sean@renschlawyers.com
***Local Counsel for Plaintiff***